AARON H. BETTS, Plaintiff in Error,

*vs.*

SAMUEL STEVENS, Defendant in Error.

ERROR TO THE CALUMET CIRCUIT COURT.

When a party is sworn to his book account, only the questions prescribed by the statute are competent to be put to him on his own part.

It is erroneous for a justice to decide upon the account of the plaintiff verified by his account book and oath, before the defendant has had an opportunity to rebut the same by proof on his part.

An action was brought by the plaintiff in error against the defendant in error, upon a book account, to which the defendant pleaded the general issue, and gave notice of set off. The cause was tried before the justice, who rendered a judgment for the plaintiff for $9.30 and costs. This judgment was removed to the circuit court of Calumet county by writ of *certiorari*, where it was reversed.

*R. P. Eaton, for plaintiff in error.*

*D. E. Wood, for defendant in error.*

*By the Court,* WHITON, C. J. The return in this case is so irregular and so confused that we should be justified in dismissing the writ of error for that reason. As, however, that would probably only result in another writ of error, and thereby increase the costs of these parties, we have endeavored to ascertain, by the best means in our power, the facts presented by the record.

It appears that the suit was commenced by Betts before a justice of the peace, who rendered judgment against Stevens for the sum of nine dollars and thirty cents. Stevens took the case to the circuit court by a writ of *certiorari*, and obtained a reversal of the judgment; thereupon Betts brings the case here by a writ of error.

It appears that at the trial before the justice, Betts offered his account book in evidence, and that his account against Stevens was principally for medical services and for medicines. It does not appear that any objection was made to the introduction of the account book, but the return of the justice to the writ of *certiorari*, shows that the defendant did object to the charges for visits. Whereupon the justice asked the plaintiff if he was not a practising physician; and the defendant objected to the question, but the objection was overruled, and the plaintiff answered that he was. It appears further from the return of the justice, that he decided to allow, and did allow, the whole account of the plaintiff except $2.95, before the defendant had introduced any testimony, or had an opportunity to introduce any. There can be no doubt that it was improper for the justice to ask the plaintiff any question except those mentioned in the statute if it was objected to ; it was likewise improper to decide upon the account of the plaintiff till he had heard the testimony on the part of the defendant. The statute provides (R. S., chap. 98, § 12), what questions shall be propounded to a party who offers his account book in evidence ; and from the statute it is manifest that the question which the plaintiff was allowed to answer was an improper one. It is perhaps doubtful whether in this case the impropriety of the justice ought to have the effect to reverse the judgment which he rendered, for the reason that the answer of the plaintiff to the question was immaterial. Upon this subject we give no opinion. But we are satisfied that by deciding to allow the plaintiff's account before the defendant had an opportunity to show by testimony that the account was incorrect, he committed an error which justified a reversal of the judgment by the circuit court. It is no answer to say

that the defendant introduced no testimony which tended to show that the account contained in the plaintiff's books was incorrect, for it may well be that such testimony was not offered because the justice had already decided to allow the account; the defendant might deem it useless to introduce testimony relating to a matter already decided by the justice.

We must therefore affirm the judgment of the circuit court.